## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

MATTEL, INC.,

        Plaintiff,

v.

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A",

        Defendants.

Case No. 24-cv-12571

**Judge John F. Kness**

**Magistrate Judge Keri L. Holleb Hotaling**

### PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM

Plaintiff Mattel, Inc. ("Plaintiff") moves this Honorable Court pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Defendant Linna's ("Defendant") Counterclaim.

### INTRODUCTION

Defendant's Answer [41] included one counterclaim for Abuse of Process ("Defendant's Counterclaim").[1] [41] at pp. 11-12. Defendant's Counterclaim should be dismissed under Rule 12(b)(6) because Defendant failed to state a claim for abuse of process under Illinois law and Seventh Circuit precedent. As further demonstrated below, Plaintiff respectfully requests that this Court grant this motion and dismiss Defendant's Counterclaim.

---

[1] Defendant did not indicate whether the Counterclaim was pursuant to a federal statute, state statute, common law, or a combination thereof.

1

## ARGUMENT

I.     **DEFENDANT'S COUNTERCLAIM FAILS TO STATE A CAUSE OF ACTION**

    A.  **Legal Standard**

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), "a counterclaim must 'state a claim to relief that is plausible on its face.'" *Sarkis' Cafe, Inc. v. Sarks in the Park, LLC*, 55 F. Supp. 3d 1034, 1038 (N.D. Ill. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading that states a claim for relief must contain a (1) a short and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim for abuse of process under Illinois law,[2] Defendant "must allege [1] an ulterior purpose and [2] an act in the use of legal process not proper in the regular prosecution of the proceedings." *Harris Custom Builders, Inc. v. Hoffmeyer*, 834 F. Supp. 256, 263 (7th Cir. 1993) (citing *Erlich v. Lopin-Erlich*, 195 Ill. App. 3d 537 (Ill. App. Ct. 1990)). "Because the tort of abuse of process is not favored under Illinois law, the elements must be strictly construed." *Neurosurgery & Spine Surgery, S.C. v. Goldman*, 339 Ill. App. 3d 177, 183 (2003). "The mere institution of a proceeding, even a proceeding that has no foundation in law or fact, and brought merely to harass, does not constitute abuse of process." *Malibu Media, LLC v. Khan*, No. 18 C 3028, 2019 U.S. Dist. LEXIS 51014, at *8 (N.D. Ill. Mar. 27, 2019) (internal citations omitted). "When the process is used only for its intended purpose, however, there can be no cause of action for abuse of process,

---

[2] There is no federal common law tort of abuse of process.

even if the existence of an ulterior motive is shown." *XiaoQian Zhao v. BABIQIU*, 2025 U.S. Dist. LEXIS 1759, at \*15-16 (N.D. Ill. Jan. 6, 2025) (quoting *Cmty. Nat'l Bank in Monmouth v. McCrery*, 156 Ill. App. 3d 580, 583 (1987).

### i. Defendant has Failed to Allege Any Facts to Support an Ulterior Motive

A bald allegation that the suit "was commenced and prosecuted for an ulterior purpose cannot, without more, satisfy the independent act requisite[.]" *R.J.R. Servs., Inc. v. Aetna Cas. & Sur. Co.*, 895 F.2d 279, 285 (7th Cir. 1989) (internal quotation marks and citation omitted). Defendant "must allege with some specificity an act in the course of process which itself evidences the ulterior purpose, and such an act may not be inferred from an improper motive." *Id.*; Defendant makes only the conclusory statements that Plaintiff "seeks to knock outs [sic] competition [. . .] by filing predatory claims against its competitors for their descriptive fair use" and Plaintiff has "made all these legal filings for the improper purpose of harassing Defendant/Counterclaim Plaintiff, using the threat of legal proceedings as an extortion tactic in an effort to knock Defendant/Counterclaim Plaintiff out of competition in this market[.]" [41] at p. 11. These are not facts, but conclusory statements that do not "raise a right to relief above the speculative level." *Twombly*, 550 U.S. 544, 545 (2007). Accordingly, Defendant's Counterclaim should be dismissed since no facts are alleged to support the first element of an abuse of process claim.

### ii. Defendant has Failed to Alleged Any Facts to Show Plaintiff Engaged in Any Improper Act

"In order to satisfy the second element, the [Defendant] must plead facts that show a misapplication of process, or, in other words, the [Defendant] must "show that the process was used to accomplish some result that is beyond the purview of the process." *Square One Entm't Inc. v. P'ships & Unincorporated Ass'n Identified in Schedule "A"*, 2021 U.S. Dist. LEXIS 65710, at \*4 (N.D. Ill. Apr. 5, 2021) quoting *Pace v. Timmermann's Ranch & Saddle Shop Inc.*, 795 F.3d

748, 758 (7th Cir. 2015). Defendant's Counterclaim does not identify any particular, improper action by Plaintiff that misapplied process. Defendant provides no facts to support the allegations. *See* [41] at pp. 11-12 ("Plaintiff/Counterclaim Defendant brought this action against Defendant/Counterclaim Plaintiff without reasonable factual inquiry and without any evidence to support its *ex parte* temporary restraining order and preliminary injunction motion against Defendant/Counterclaim Plaintiff."). To the extent that the Defendant's allegations pertaining to the Temporary Restraining Order and Preliminary Injunction are considered factual, Defendant has not identified any specific improper action by Plaintiff. Recently, Judge Kennelly granted summary judgment in favor of a plaintiff on a factually similar abuse of process claim:

> Whether or not the defendants can show an ulterior motive, their abuse of process claim fails as a matter of law, as there is no evidence of improper use of process. The defendants argue that Zhao's obtaining of a temporary restraining order went beyond addressing copyright infringement, as it involved freezing the defendants' financial accounts, which in turn disrupted the defendants' normal business operations. But TROs are regularly used to prevent alleged infringers from disposing of the profits of alleged infringement activity. Zhao's TRO froze the defendants' accounts to prevent them from disposing of profits into unreachable offshore accounts, meaning the freeze was not extraneous to the purpose of the proceeding and the proper subject of a TRO. Because the defendants provide no evidence of a further action Zhao took outside of the normal TRO process, no reasonable jury could find in favor of their abuse of process counterclaim.

*XiaoQian Zhao v. BABIQIU*, 2025 U.S. Dist. LEXIS 1759, at *16 (N.D. Ill. Jan. 6, 2025) (internal citations and quotations omitted). Similarly, Defendant's Counterclaim fails on its face.

Defendant "cannot point to any action that [Plaintiff] has taken in this case to enforce a copyright it does not own or to seek damages for [activities] not protected by the Lanham Act. Every motion for relief filed by [Plaintiff] has been based on the underlying allegations and claims. And while [Defendant] may dispute those allegations and claims, those disagreements go to the merits of the case and are not a basis to accuse [Plaintiff] of abuse of process." *Square One Entm't Inc.*, 2021 U.S. Dist. LEXIS 65710, at *5; *Malibu Media, LLC v. Khan*, 2019 U.S. Dist. LEXIS

51014, *8 (dismissing abuse of process counterclaim claim where, "[a]t most, Khan criticizes Malibu Media's litigation strategy and offers conclusory statements as to the merits of the copyright claim, but that is insufficient."). All of Plaintiff's actions in filing the Complaint and motions in this case are directly related to its efforts to protect its valuable, federally registered, intellectual property rights. Defendant's Counterclaim should be dismissed as failing to state a cause of action.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court dismiss Defendant's Counterclaim.

Dated this 26th day of February 2025.        Respectfully submitted,

/s/ Rachel S. Miller
Amy C. Ziegler
Justin R. Gaudio
Rachel S. Miller
Hannah Abes
Greer, Burns & Crain, Ltd.
200 West Madison Street, Suite 2100
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
rmiller@gbc.law
habes@gbc.law

*Counsel for Plaintiff Mattel, Inc*

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of February 2025, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system. The CM/ECF system will send a "Notice of Electronic Filing" to the attorneys of record.

<div style="margin-left: 40%;">

/s/ Rachel S. Miller
Amy C. Ziegler
Justin R. Gaudio
Rachel S. Miller
Hannah Abes
Greer, Burns & Crain, Ltd.
200 West Madison Street, Suite 2100
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
rmiller@gbc.law
habes@gbc.law

*Counsel for Plaintiff Mattel, Inc.*

</div>